THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC MACKIE, JOSHUA BIGGS, and RUTH MATTISON, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., | Civ. No.: 0:22-cv-00736-NEB-LIB |

**[PROPOSED] ORDER**

**IT IS HEREBY ORDERED**, by Plaintiffs and Defendant, subject to the Court's approval, that:

1. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court appoints Matthew D. Schelkopf of Sauder Schelkopf LLC and Nicholas A. Migliaccio of Migliaccio & Rathod LLP to serve as Interim Co-Lead Counsel and to act on behalf of putative members in this case and any additional actions that might be filed in or transferred to this Court, or otherwise consolidated with this action. The Court also appoints Stephen R. Basser of Barrack Rodos & Bacine and Jonathan D. Lindenfeld of Fegan Scott LLC to the Executive Committee. The Court also appoints Daniel Hedlund of Gustafson Gluek PLLC as Liaison Counsel.

2. The Court finds that the appointments appropriate in this case, and further finds that counsel are experienced in complex commercial class action litigation and have the resources and knowledge to adequately represent the putative class.

3. Consistent with the Manual for Complex Litigation, Fourth, §§ 10.221

and 40.22, Interim Co-Lead Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative class and will have the following specific responsibilities:

a. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

b. To delegate work as needed to the Executive Committee and Liaison Counsel to efficiently prosecute this litigation and avoid unnecessary duplication of time and effort;

c. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

d. To conduct settlement negotiations on behalf of Plaintiffs and putative class members, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

e. To delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

g. To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

h. To maintain adequate time and disbursement records covering services as Interim Class Counsel;

i. To apportion and determine fee and expense allocations between Interim Class Counsel;

j. To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

k. To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

IT IS SO ORDERED.

Dated: _____        _____
                              The Honorable Nancy E. Brasel
                              United States District Judge